**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50352 |
| Plaintiff - Appellee, | D.C. No. 2:99-cr-00207-ABC-1 |
| v. | |
| MICHAEL HARRY LUX, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Audrey B. Collins, District Judge, Presiding

Argued October 6, 2014; Resubmitted June 26, 2015
Pasadena, California

Before:  EBEL,** KLEINFELD, and GRABER, Circuit Judges.

While on federal supervised release, Defendant Michael Harry Lux was

convicted of felony false imprisonment in California state court, thereby violating

the terms of his supervised release.  He appeals from the sentence imposed on July

8, 2013, for that violation.  The district court calculated Defendant's advisory

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**       The Honorable David M. Ebel, Senior Circuit Judge for the U.S.
Court of Appeals for the Tenth Circuit, sitting by designation.

range under the Sentencing Guidelines by taking into account a determination that Defendant's false imprisonment conviction was a conviction for a "crime of violence" under U.S.S.G. § 4B1.2(a)(2).

The Supreme Court of the United States decided <u>Johnson v. United States</u>, 135 S. Ct. 2551 (2015), while the appeal in this case was pending. There, the Court held that the residual clause of the definition of "violent felony" in the Armed Career Criminal Act of 1984, 18 U.S.C. § 924(e)(2)(B), is unconstitutionally vague. The parties dispute the applicability of <u>Johnson</u> to the residual clause of the definition of "crime of violence" in § 4B1.2(a)(2) of the Sentencing Guidelines, but we cannot resolve that dispute here because this case is moot.

Defendant's only argument as to why this case is not moot is that, if he commits another federal crime, he will face exposure to an enhanced sentence in a future, hypothetical sentencing proceeding. The Supreme Court has rejected the argument that this kind of alleged collateral consequence satisfies the requirements of Article III. <u>Spencer v. Kemna</u>, 523 U.S. 1, 13 (1998).

<u>United States v. Vance Crooked Arm</u>, 788 F.3d 1065 (9th Cir. 2015) (per curiam), is not to the contrary. There, we held that a challenge to a felony conviction under Count II did not become moot by virtue of affirming the felony

2

conviction under Count I.  Id. at 1072–73.  But Defendant in this appeal does not challenge any of his convictions; he disputes only the length of the sentence imposed after revocation of supervised release and the categorization of the violation that led to that sentence.  That those factors may have some effect in a hypothetical future sentencing proceeding is inadequate to meet Article III's injury-in-fact requirement.  Spencer, 523 U.S. at 14.

DISMISSED.